IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-00295-FL

| | |
|---|---|
| STANLEY ANDREA CLYBURN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **& RECOMMENDATION** |
| UNITED STATES MARINE CORPS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

This cause comes before the Court upon Plaintiff's pro se complaint (DE-1) and motion to appoint counsel (DE-3). In accordance with 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the purpose of conducting a frivolity review pursuant to 28 U.S.C. § 1915A, which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks money damages from a defendant immune from such recovery. *See* 28 U.S.C. § 1915A(a)-(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. In making the frivolity determination, pro se complaints are entitled to more liberal treatment than pleadings drafted by attorneys. White v. White, 886 F.2d 721, 724 (4th Cir. 1989). However, even a pro se pleading must contain "'more than labels and

1

conclusions.'" Giarratano v. Johnson. 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Dismissal may be appropriate where the complaint contains a detailed description of underlying facts that fail to state a viable claim. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976). Further, the requirement of liberal construction does not allow the court to ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 391 (4th Cir. 1990).

**Plaintiff's Complaint**

In his complaint, Plaintiff alleges that following his incarceration in December of 2008, his wife developed a romantic relationship with a fellow service member based at Camp Lejeune, North Carolina. When Plaintiff confronted his wife about the relationship, his wife admitted to having an extramarital affair and told him she was pregnant with the other man's child. Plaintiff thereafter wrote letters to his wife's commanding officers informing them of the affair, but he received no reply. On February 11, 2011, Plaintiff's wife gave birth to the child. Plaintiff alleges the adultery has caused him on-going emotional pain, for which he seeks compensatory and punitive damages. He contends that all of the named defendants encouraged his wife's adultery in some manner and thus contributed to the deterioration of the marriage relationship.

Plaintiff's complaint, liberally construed with all factual allegations assumed to be true, fails to state a cognizable claim that falls within the scope of this Court's limited jurisdiction. Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject

matter jurisdiction, there is no presumption that the court has jurisdiction.  Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  Bulldog Trucking, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint."  Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988).  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded."  Pinkley, Inc., 191 F.3d at 399.  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.  *Id.*

Here, the essential allegations contained in Plaintiff's complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff does not assert that Defendants have violated a federal statute or constitutional provision, nor is any type of federal question jurisdiction otherwise evident from the face of the complaint.  Instead, Plaintiff's complaint involves claims for criminal conversation, alienation of affections, infliction of emotional distress, and breach of marriage vows.  Generally, such issues are a matter of state law to be heard in the state courts, unless diversity of citizenship is

3

Case 5:12-cv-00295-FL   Document 8   Filed 06/18/12   Page 3 of 4

present.  Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  *See* Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978).  Plaintiff's complaint reveals that this Court has no diversity jurisdiction because the named defendants are residents of North Carolina, as is Plaintiff.   Even if diversity of citizenship were present, "[t]he federal courts have long recognized the domestic relations exception to diversity jurisdiction."  Andrews v. Patterson, 585 F. Supp. 553, 554 (M.D.N.C. 1984).  Under this exception, the federal courts generally disclaim jurisdiction over domestic relations cases due to the strong state interest in such matters and the competence of state courts to resolve family disputes.  *See id.*

Because diversity jurisdiction is lacking, and as Plaintiff's complaint states no cognizable federal claim, the undersigned RECOMMENDS that the complaint (DE-1) be dismissed for lack of subject matter jurisdiction.   Given this recommendation, Plaintiff's motion to appoint counsel to assist him in litigating his claims (DE-3) is DENIED as moot.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 18th day of June, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE